VIRGIN PERRY, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATE v. CHARLIE CULLIPHER, INDIVIDUALLY; DOUGLAS BURNETTE, INDIVIDUALLY; CHARLIE SPRUILL, INDIVIDUALLY; EARL SPRUILL, INDIVIDUALLY, AND D/B/A PUNGO DRAINAGE CO.; AND SAWYER'S LAND DEVELOPING, INC.

No. 836SC395

(Filed 7 August 1984)

**1. Cemeteries § 3; Appeal and Error § 6.2; Rules of Civil Procedure §23— desecration of graves—denial of certification as class action—appealability**

Where plaintiff alleged that defendants negligently desecrated numerous graves in a cemetery while clearing land on an adjoining farm and he alleged that he had a child buried in the cemetery, the trial court's order holding that the action was not maintainable as a class action was interlocutory but nevertheless appealable; however, the trial court did not abuse its discretion in denying certification of this case as a class action.

**2. Cemeteries § 3— desecration of graves—stillborn child—definition of grave**

In an action to recover for the desecration of graves, a "grave" includes a place containing the remains of a stillborn child.

APPEAL by plaintiff from *Strickland, Judge.* Order entered 15 November 1982 in Superior Court, BERTIE County. Heard in the Court of Appeals 7 March 1984.

The plaintiff appeals from an order denying certification of this action as a class action. In his complaint the plaintiff alleged that he has a stillborn child buried in a burial ground known as Sandhill Cemetery. He alleged further that the defendants negligently desecrated numerous graves in the cemetery while clearing land on an adjoining farm. He alleged that he brought the action on behalf of all persons similarly situated pursuant to G.S. 1A-1, Rule 23. The defendants made a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) and for an order determining this action is not maintainable as a class action.

The superior court denied the defendants' motion to dismiss and held that the action is not maintainable as a class action. The plaintiff appealed and the defendants cross-assigned error.

*Law Firm of Carter W. Jones, by Carter W. Jones, Charles A. Moore, and Kevin M. Leahy, for plaintiff appellant.*

*Baker, Jenkins and Jones, by Ronald G. Baker, Robert C. Jenkins and W. Hugh Jones, Jr.; and Gillam, Gillam and Smith, by Lloyd C. Smith, Jr., for defendant appellee Charlie Cullipher.*

*Pritchett, Cooke and Burch, by William W. Pritchett, Jr., for defendant appellees Charlie Spruill, Earl Spruill and Pungo Drainage Company.*

*Leroy, Wells, Shaw, Hornthal and Riley, by L. P. Hornthal, Jr., for defendant appellees Douglas Burnette and Sawyer's Land Developing, Inc.*

WEBB, Judge.

[1]    The first question posed by this appeal is whether it should be dismissed as premature. The order holding that the action is not a class action does not determine the controversy and is interlocutory. The plaintiff argues that he is entitled to appeal under the substantial right exception of G.S. 1-277 and G.S. 7A-27(d)(1). An interlocutory order is appealable if it affects a substantial right and will work injury to the appellants if not corrected before final judgment. *Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E. 2d 667 (1977). If the court erred in refusing to certify this as a class action, Virgin Perry has not been injured. He can get his judgment without the other members of the class. G.S. 1A-1, Rule 23 provides that in some cases class actions are proper. Because the rule provides for members of a class to be represented by one of the class, we believe their right to this representation makes a consideration of their rights necessary when considering whether an order refusing to certify the class may be appealed. If Virgin Perry recovers after the trial court has refused to certify the action, the other members of the class will suffer an injury which could not be corrected if there were no appeal before the final judgment. The judgment in his favor could be affirmed and they would not recover anything. We hold that the order is appealable. The defendants cite *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed. 2d 351 (1978), which holds that the refusal to certify a class is not appealable. The test for appealability of an interlocutory order in the federal courts is different from our test. We do not believe the case is applicable.

In determining whether it was error to deny certification of this case as a class action, we note that this is a tort case. There has been some reservation expressed as to allowing tort cases to be certified as class actions. *See* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1783 (1972). In this case, the damages consist largely of mental suffering by those who have had the graves of loved ones desecrated. The damages may vary a great deal among the parties. It is within the discretion of the trial judge as to whether an action should be certified as a class action and we hold the court did not abuse its discretion in this case. *See English v. Realty Corp.,* 41 N.C. App. 1, 254 S.E. 2d 223, *disc. rev. denied,* 297 N.C. 609, 257 S.E. 2d 217 (1979) for the factors to be considered in determining whether to certify a case as a class action.

[2]   In their cross-assignment of error, the defendants argue that because the plaintiff alleged that the grave of the plaintiff's stillborn child was disturbed, the action should have been dismissed. They contend that because there is no right of action for the wrongful death of an infant not born alive, *Cardwell v. Welch,* 25 N.C. App. 390, 213 S.E. 2d 382, *cert. denied,* 287 N.C. 464, 215 S.E. 2d 623 (1975), there is no right of action for the desecration of the grave of a stillborn child. They say that a grave has to contain the body of a deceased person and a stillborn infant is not a deceased person. For this reason, it was not a grave that was desecrated. The gravamen of an action for the desecration of a grave is not the same as that for wrongful death. It is for mental suffering for the disturbance of the final resting place for a loved one. This mental suffering can be just as real for a stillborn child as for a deceased person. Whatever the definition of a grave in some other context, we believe in the context of this action a grave includes a place containing the remains of a stillborn child. It was not error to deny the motion to dismiss.

Affirmed.

Judges BECTON and EAGLES concur.