SAM MAFFEI, AND ALL PERSONS SIMILARLY SITUATED v. ALERT CABLE TV OF NORTH CAROLINA, INC.

No. 8415SC1316

(Filed 2 July 1985)

**Rules of Civil Procedure § 23— cable television subscribers—certification as class improperly denied**

  In an action arising from the "Season Ticket" cable television program, which required an additional fee for coverage of 23 ACC basketball games, the trial court erred by finding that the actual amount of damages would be at most $0.29 and refusing certification as a class action. North Carolina trial courts have no authority to hear the merits of a case in determining whether to certify a class. G.S. 1A-1, Rule 23.

APPEAL by plaintiff from *Battle, Gordon F., Judge.* Order entered 28 September 1984 in ORANGE County Superior Court. Heard in the Court of Appeals 6 June 1985.

Plaintiff Maffei contracted with defendant Alert Cable TV, which had an exclusive franchise to provide cable television services in Carrboro, for basic cable service. For an additional $3.00 per month, plaintiff also contracted for six 24-hour expanded service channels, including The Entertainment and Sports Programming Network (ESPN), a channel devoted exclusively to sports programming. In late 1983, defendant announced to its subscribers its "Season Ticket" program. For $75.00, defendant would provide live coverage of 23 Atlantic Coast Conference basketball games over its regular ESPN channel. Those who did not pay the additional fee would receive a "scrambled" signal instead of ESPN.

Plaintiff did not pay the additional fee. After six games had been shown on "Season Ticket" plaintiff filed the present action. He sought orders certifying it as a class action and enjoining defendant from disrupting his ESPN programming, and requiring

defendant to show the "Season Ticket" games as part of its regular ESPN programming. Before anymore "Season Ticket" games were shown, defendant terminated the program and refunded in full all additional fees collected.

In September 1984 defendant, with plaintiff's consent, filed a "Motion for Adjudication of Measure of Damages," supported by pleadings, discovery of record, affidavits and deposition testimony. The court, upon consideration of the above materials, concluded that plaintiff's damages would be the value of twelve hours of undifferentiated ESPN programming, not the value of any specific programming including "Season Ticket." The court found, without deciding the actual amount of damages, that they would be at most $0.29. Since damages would be minimal, the court ruled it would be "inadvisable, inefficient and inappropriate" for the action to go forward as a class action. The court exercised its discretion not to certify the action as a class action. Plaintiff appealed.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by Martin J. Bernholz and G. Nicholas Herman, for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Richard W. Ellis, James L. Gale and Robert H. Slater, for defendant.*

WELLS, Judge.

The parties do not address the issue, but we first must decide whether this appeal is properly before this court. *In re Watson*, 70 N.C. App. 120, 318 S.E. 2d 544 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E. 2d 900 (1985). An order purporting to fix what the rule of damages will be at trial is indeterminate and not immediately appealable. *Realty, Inc. v. City of High Point*, 36 N.C. App. 154, 242 S.E. 2d 895 (1978). An order denying certification of a class affects the rights of the potential class members, however, and therefore affects a substantial right and is immediately appealable. *Perry v. Cullipher*, 69 N.C. App. 761, 318 S.E. 2d 354 (1984).

Class actions are governed by Rule 23 of the Rules of Civil Procedure (1983). This rule is patterned after former provisions of Federal Rule of Civil Procedure 23. The federal courts have devel-

oped an extensive body of case law regarding class actions, we therefore rely in part on federal precedent in deciding this case. *See English v. Realty Corp.*, 41 N.C. App. 1, 254 S.E. 2d 223, *disc. rev. denied*, 297 N.C. 609, 257 S.E. 2d 217 (1979).

Whether a proper class exists, such that a court should certify that an action may be so maintained, is a question of fact dependent for its resolution on the circumstances of the individual case. *Id.* The trial court enjoys a certain amount of discretion in making this determination. *Id.* The factors to be considered are carefully enumerated in *English*; briefly, they are the makeup and number of the class, the impracticability of bringing its members before the court, commonality of issues of fact or law, and adequacy of representation of the class by the individuals before the court. The court is not strictly limited to these factors, however. *Id.*

Whether the court may decide the measure of damages, determine that they will probably be minimal, and deny class certification on grounds of efficiency appears to be a question of first impression. We note that the efficient dispatch of business is the policy underlying Rule 23. *Cocke v. Duke University*, 260 N.C. 1, 131 S.E. 2d 909 (1963). However, we have found no authority expressly approving the rationale applied here.

In *Perry v. Cullipher, supra*, we held that the court did not abuse its discretion in denying class certification, since each class member's damages (for emotional distress arising from alleged desecration of graves) could vary widely, necessitating separate proof. *Accord Carter v. Butz*, 479 F. 2d 1084 (3d Cir.) (varying discount rates applied to alleged class; denial of certification affirmed), *cert. denied*, 414 U.S. 1094 (1973). Federal courts have also denied certification in suits under the Truth in Lending Act where plaintiffs did not allege any actual damages, but only technical violations of loan drafting requirements. *Shroder v. Suburban Coastal Corp.*, 729 F. 2d 1371 (11th Cir. 1984); *Watkins v. Simmons and Clark, Inc.*, 618 F. 2d 398 (6th Cir. 1980). *See also Shumate & Co., Inc. v. Nat'l Ass'n of Sec. Deal., Inc.*, 509 F. 2d 147 (5th Cir.) (individual plaintiff's damages entirely speculative; affirming verdict for defendants and denial of class certification), *cert. denied*, 423 U.S. 868 (1975).

In none of these cases was general computation of damages necessary to determine the propriety of class certification. Either plaintiff failed to show any cognizable damage at all, or it was evident from the pleadings that damages must be calculated separately, *i.e.*, the class lacked sufficient commonality. Nowhere did the trial courts evaluate the merits to determine the likely result as a prerequisite to class certification.

Upon proof of breach of contract, a plaintiff is entitled to at least nominal damages. *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968); *Cook v. Lawson*, 3 N.C. App. 104, 164 S.E. 2d 29 (1968). And where actual damages are alleged, their measure and amount will depend upon the evidence. *See Troitino v. Goodman*, 225 N.C. 406, 35 S.E. 2d 277 (1945); *Iron Works Co. v. Cotton Oil Co.*, 192 N.C. 442, 135 S.E. 343 (1926). Plaintiff proceeded upon a breach of contract theory, and claimed substantial damages. In denying class certification, the trial court ruled on the measure and likely amount of damages and thus necessarily considered the merits of plaintiff's action. This it lacked authority to do.

Pre-trial orders purporting to establish a rule of damages and their amount are not favored. *See Realty Corp. v. City of High Point, supra; see also Green v. Insurance Co.*, 250 N.C. 730, 110 S.E. 2d 321 (1959) (per curiam). Nothing in the Rules of Civil Procedure specifically authorizes such practice. Rule 16 of the Rules of Civil Procedure (1983). Under former law, apparently still applicable, trial courts lacked authority to find facts or enter judgment at pre-trial hearings. *Whitaker v. Beasley*, 261 N.C. 733, 136 S.E. 2d 127 (1964) (per curiam); *see also Fidelity & Deposit Co. of Md. v. Southern Utilities, Inc.*, 726 F. 2d 692 (11th Cir. 1984) (no authority to enter judgment under Federal Rule of Civil Procedure 16; court could entertain motion for summary judgment on remand). As the measure and amount of damages depend on the evidence adduced, orders such as the one entered here in effect constitute a pre-trial judgment improperly limiting the actual trial.

It is now firmly established in the federal courts that Rule 23 does not in any way authorize a trial court to hold a preliminary hearing on the merits before deciding whether to certify a class. Initially, some courts did hold that they could order a preliminary

evidentiary hearing, at which plaintiffs would be required to demonstrate "a substantial possibility that they will prevail on the merits" to justify the expense and public exposure of a class action. *Dolgow v. Alexander*, 43 F.R.D. 472 (E.D.N.Y. 1968) (exhaustive opinion of Weinstein, J.), *remanded on other grounds*, 438 F. 2d 825 (2d Cir. 1971). Most federal courts have rejected this approach. *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465 (S.D.N.Y. 1968) (such hearing may determine ultimate facts and affect trial rights); *see generally* 7A C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1785 (1972 and Supp. 1985).

The Supreme Court resolved this conflict in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). This was a complicated private anti-trust action in which plaintiff, whose own damages were only $70.00, claimed to represent a class of 2 million members. Because of the size of the class and the threat that the litigation could become unmanageable, the Second Circuit had ordered an evidentiary hearing to determine class certification. The Supreme Court reversed the resulting order:

> We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained.

*Id.* The court also noted that tentative findings, entered in proceedings had without the protection of traditional civil procedure, could color subsequent proceedings to the prejudice of litigants. *Id.; see also Dolgow v. Alexander*, 438 F. 2d 825 (2d Cir. 1971) (procedural quagmire at such hearing).

Following *Eisen*, construing our Rule 23, we hold that North Carolina trial courts have no authority to hear the merits of a case in determining whether to certify a class. The class must be determined solely according to procedural criteria relevant to Rule 23. *See English v. Realty Corp., supra.* We therefore hold

that the order entered herein exceeded the court's authority and must be vacated. Further consideration of the class certification issue should be on the criteria of Rule 23, not the merits.

In closing, we note that the trial court's order in essence constituted an advisory opinion to the parties on damages. By focusing on the issue of damages before this court, the parties have asked us to render a second advisory opinion. Such is not the function of the courts. *See generally State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 323 S.E. 2d 294 (1984); *Greensboro v. Wall*, 247 N.C. 516, 101 S.E. 2d 413 (1958). Only upon judgment on the facts, whether on motion for summary judgment or by proceeding to trial, will the damages issue be ripe for appellate review.

The order appealed from is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judges JOHNSON and COZORT concur.