HERBERT A. NOBLES, PLAINTIFF v. FIRST CAROLINA COMMUNICATIONS, INC.; E. B. CHESTER, JR.; AIKEN CABLEVISION, INC., FORMERLY KNOWN AS F. C. BARNWELL, INC.; F. C. AIKEN, INC.; GARY PHILLIPS; C. DAVID SMITH; A. P. THORPE, III; G. W. THORPE; THOMAS D. LIVINGSTON; FRANK B. CANNON; LON CARRUTH, ROY F. COPPEDGE, III; ANTHONY J. BOLLAND; WALTER F. PAYNE, JR.; 1ST CABLEVISION, INC., A NEVADA CORPORATION; DEFENDANTS

HERBERT A. NOBLES, PLAINTIFF v. KILPATRICK & CODY, A GEORGIA GENERAL PARTNERSHIP, DEFENDANT

No. 917SC365

(Filed 1 December 1992)

1. **Appeal and Error § 206 (NCI4th)— motion to amend judgment—tolling of time for filing notice of appeal**

    Pursuant to Appellate Rule 3(c)(2), the time period for filing and serving a notice of appeal is tolled by a timely motion under N.C.G.S. § 1A-1, Rule 52(b), and plaintiff's notice of appeal in this case was appropriately given on 27 December 1990 after the trial court's order denying plaintiff's Rule 52(b) motion to amend the judgment was entered on 27 November 1990.

    **Am Jur 2d, Appeal and Error §§ 6, 292, 293, 316.**

2. **Rules of Civil Procedure § 23 (NCI3d)— class action—denial of certification—appealability**

    An order denying certification of a class action is appealable.

    **Am Jur 2d, Parties § 81.**

    **Appealability of order denying right to proceed in form of class action—state cases. 54 ALR3d 595.**

3. **Rules of Civil Procedure § 23 (NCI3d)— class action—grant or denial of certification—appellate review—abuse of discretion standard**

    Since the decision to grant or deny class certification rests within the sound discretion of the trial court, the appro-

priate standard for appellate review is whether the trial court's decision manifests an abuse of discretion.

**Am Jur 2d, Parties § 78.**

**4. Rules of Civil Procedure § 23 (NCI3d)— class action—grant or denial of certification—necessity for findings**

The trial court is required to make findings of fact when rendering a judgment granting or denying class certification in order for the appellate courts to afford meaningful appellate review under the abuse of discretion standard. The trial court's order denying class certification was inadequate where the court merely found that "there are not sufficient elements present to justify certification of a class."

**Am Jur 2d, Parties § 78.**

**5. Rules of Civil Procedure § 52 (NCI3d)— findings and conclusions—request after orders entered**

Plaintiff's request for findings and conclusions under N.C.G.S. § 1A-1, Rule 52(a)(2) in orders ruling on class certification was untimely where it was made after the entry of the orders.

**Am Jur 2d, Trial §§ 1973, 1980.**

Appeal by plaintiff from orders entered 28 September 1990, 2 October 1990, and 27 November 1990 by Judge Frank R. Brown in Nash County Superior Court. Heard in the Court of Appeals 12 February 1992.

These cases arose from plaintiff's purchase of limited partnership units in Aiken Cablevision, Ltd. (the "Partnership"), a North Carolina limited partnership. In 1984 plaintiff purchased ten units for $5,000 as part of a registered public offering of 11,000 limited partnership units. The public offering was made pursuant to a prospectus dated 30 November 1983 and amended 4 February 1984, which stated the proceeds of the offering were to be used to acquire, upgrade and expand an existing cable television system (the "System") in Aiken, South Carolina.

In 1986 the Partnership's managing general partner, First Carolina Communications, Inc. ("First Carolina") decided to sell the System and dissolve the Partnership. Plaintiff and the other limited partners were informed of this proposed transaction by

letter on 9 October 1986, whereby First Carolina stated the Partnership had entered into an agreement to sell all of its assets to a subsidiary of First Carolina. The letter explained that no vote, consent, or approval of the limited partners would be sought as such was unnecessary under the Partnership Agreement. The agreed upon sale price was $12,400,000 based upon an independent appraisal of the System.

Subsequently, First Carolina sent the limited partners a copy of the Schedule 13E-3 filed with the Securities and Exchange Commission concerning the proposed sale of the System. The Schedule, filed on 10 December 1986, indicated the purchase price had been increased to $14,074,880 to compensate the Partnership for the System's value increase subsequent to the original appraisal date. The Schedule also stated the transaction might be abandoned at any time prior to its expected closing on 31 December 1986 if "any action, suit or proceeding shall have been instituted or threatened" against the Partnership, F. C. Aiken, Inc. (a wholly owned subsidiary of the Partnership), or F. C. Barnwell, Inc. (the First Carolina subsidiary and prospective purchaser of the System) to restrain or prohibit the transaction.

Although plaintiff was discontented with the sale price and the fact the buyer was a subsidiary of a general partner, he did not express these concerns to the Partnership or First Carolina prior to the sale on 31 December 1986. Following the sale, the Partnership was dissolved and the proceeds were distributed to the limited partners and general partners as specified in the Partnership Agreement. Each limited partner received cash in exchange for limited partnership units. Plaintiff received $7,700 in exchange for the ten limited partnership units he had purchased in 1984 for $5,000. Less than six months later in June 1987, First Carolina sold the System and other of its cable holdings for approximately $300,000,000.

In January 1987 plaintiff sent Mr. Clark papers he had been saving concerning the Partnership and transaction. Mr. Clark is an attorney with whom plaintiff had consulted in previous class action litigation. In April 1988 plaintiff and Mr. Clark invited several of the limited partners to a meeting in which to discuss the possibility of these limited partners joining in the suit as plaintiffs. Though no partners expressed an interest in participating in a lawsuit at that time, plaintiff and Mr. Clark filed suit against First Caro-

NOBLES v. FIRST CAROLINA COMMUNICATIONS

[108 N.C. App. 127 (1992)]

lina on 27 May 1988 alleging a breach of fiduciary duty, actual and constructive fraud, violation of state securities laws, breach of contract, and gross and ordinary negligence.

On 25 April 1989 plaintiff commenced an action against Kilpatrick & Cody, a law partnership with its principal office in Atlanta, Georgia. Plaintiff asserted claims for breach of fiduciary duty, constructive fraud, gross and ordinary negligence, violations of Chapters 78A and 78B of the North Carolina General Statutes, fraudulent practices under G.S. 84-13, conspiracy, and aiding and abetting, all of which stemmed from the firm's involvement in drafting certain business documents for First Carolina.

Plaintiff filed a motion for class certification in these actions on 27 November 1989. Both state court actions were designated as exceptional civil cases and assigned to Judge Brown on 23 March 1990.

On 28 September 1990 an order was entered denying class certification in plaintiff's case against First Carolina. An order denying class certification in plaintiff's case against Kilpatrick & Cody was entered 2 October 1990. On 5 October 1990 plaintiff made motions to amend the judgments pursuant to Rule 52(b) of N.C. Rules of Civil Procedure and a request for findings of fact and conclusions of law pursuant to Rule 52(a)(2). The court entered orders denying these motions on 21 November 1990, which were filed on 27 November 1990.

On 27 December 1990 plaintiff filed his notices of appeal. The proposed record was served on 18 February 1991. Kilpatrick & Cody filed a motion to dismiss plaintiff's appeal on 7 May 1991 on the grounds notice of appeal was untimely (filed more than 30 days after the entry of the judgment) and service of the proposed record was untimely (effected more than 35 days after filing notice of appeal). Defendants First Carolina also moved to dismiss plaintiff's appeal. However, this Court deemed the record timely filed by order dated 17 May 1991.

*Clark Wharton & Berry, by David M. Clark and B. Douglas Martin, and Terry W. Alford and William W. Aycock, Jr. for plaintiff appellant.*

*Smith Helms Mullis & Moore, by E. Osborne Ayscue, Jr., Catherine E. Thompson, and Bradley R. Kutrow for defendant appellees First Carolina Communications et al.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr., Michael E. Weddington, and Donald H. Tucker, Jr. for defendant appellee Kilpatrick & Cody.*

WALKER, Judge.

[1]  Pursuant to N.C. Rules of Appellate Procedure, Rule 3(c)(2), the time period for filing and serving a notice of appeal is tolled by a timely motion under Rule 52(b). Insofar as the trial court failed to find that plaintiff's motion to amend judgment pursuant to Rule 52(b) was untimely, plaintiff's notice of appeal in the present case was appropriately given on 27 December 1990 after Judge Brown's order denying plaintiff's Rule 52(b) motion was entered on 27 November 1990. The motions of First Carolina and Kilpatrick & Cody to dismiss plaintiff's appeal are therefore denied. However, if notice of appeal had not been timely filed, we would have granted plaintiff's alternative petition for certiorari on the grounds that the order denying class certification affects substantial legal rights which might be lost if review were denied. Since it is not necessary for us to grant certiorari in order to dispose of this case on its merits, plaintiff's petition for certiorari under G.S. 7A-32 and alternative petition for certiorari pursuant to G.S. 7A-32 are denied.

Plaintiff presents three assignments of error for this Court to consider on appeal. He contends (1) the trial court erred in denying his motion for class certification because all requisites for a class action were present; (2) the court erred in refusing to leave open for later determination the question of whether class certification should be granted; and (3) the court erred in failing to make additional findings of fact and conclusions of law as requested by plaintiff and as required pursuant to G.S. 1A-1, Rule 52.

[2]  We note at the outset the significance of a trial court's decision regarding class certification, since our research reveals no instance where our courts have determined whether there is any continuing review of this issue. Contrary to its counterpart in the federal rules, N.C.G.S. § 1A-1, Rule 23 contains no provision providing for continuing or subsequent review of this determination. However, this Court has previously held that an order denying certification of a class action is appealable, and this action is now properly before us. *Perry v. Cullipher*, 69 N.C.App. 761, 318 S.E.2d 354 (1984).

The North Carolina Supreme Court set forth the salient principles applicable to Rule 23(a) and the prerequisites for certifica-

tion of a class action in *Crow v. Citicorp Acceptance Co., Inc.*, 319 N.C. 274, 354 S.E.2d 459 (1987). Under *Crow*, plaintiff must first establish that a class exists.

> [A] "class" exists under Rule 23 when the named and unnamed members each have an interest in either the same issue of law or of fact, and that issue predominates over issues affecting only individual class members.

*Id.* at 280, 354 S.E.2d at 464. Plaintiff must also show that the named representative will fairly and adequately represent the interests of all members of the class, including out-of-state residents; that there is no conflict of interest between the named representatives and the unnamed class members; and that the class members are so numerous that it is impractical to bring them all before the court. *Id.* at 282-83, 354 S.E.2d at 465-66. *See also English v. Holden Beach Realty Corp.*, 41 N.C.App. 1, 254 S.E.2d 223, *disc. review denied*, 297 N.C. 609, 257 S.E.2d 217 (1979). The trial court has broad discretion in determining whether class certification is appropriate, however, and is not limited to those prerequisites which have been expressly enunciated in either Rule 23 or in *Crow*. *Id.* at 284, 354 S.E.2d at 466; *Perry v. Union Camp Corp.*, 100 N.C.App. 168, 394 S.E.2d 681 (1990). *Maffei v. Alert Cable TV of North Carolina, Inc.*, 75 N.C.App. 473, 331 S.E.2d 188 (1985), *reversed on other grounds*, 316 N.C. 615, 342 S.E.2d 867 (1986).

[3] Since the decision to grant or deny class certification rests within the sound discretion of the trial court, the appropriate standard for appellate review is whether the trial court's decision manifests an abuse of discretion. In this regard, an appellate court is bound by the court's findings of fact if they are supported by competent evidence. *Howell v. Landry*, 96 N.C.App. 516, 386 S.E.2d 610 (1989), *disc. review denied*, 326 N.C. 482, 392 S.E.2d 90 (1990). In the instant case, the trial court denied class certification after having "determined that there are not sufficient elements present to justify certification of a class" based upon its consideration of "the pleadings, the evidence of record, the legal memoranda submitted by the parties and the arguments of counsel." The court did not specify which elements were lacking and the order contains no other findings. Although we do not now decide whether these elements have been satisfied such that plaintiff may maintain this action as a class action, we find this order deficient in that the findings of fact are inadequate to enable us to determine whether the court's

decision was based upon competent evidence. *See Cotton v. Stanley,* 94 N.C.App. 367, 380 S.E.2d 419 (1989).

We acknowledge that neither Rule 23 nor applicable case law expressly mandate findings of fact by the trial court with regard to its decision to grant or deny class certification. However, in light of the numerous requisites which must be shown in order to be entitled to class certification, and the fact that the trial court's decision is not limited to consideration of the enumerated factors, an order denying certification without adequate findings of fact and conclusions does not provide appropriate grounds for review by an appellate court. We cannot undertake to ascertain whether or not a ground for denying class certification exists in the record since such a determination would require us "to deal with subsidiary questions requiring resolution of factual disputes or exercise of discretion — judicial actions which are not appropriately a part of the appellate function." *Inda v. United Air Lines, Inc.,* 565 F.2d 554, 563 (9th Cir. 1977), *cert. denied,* 435 U.S. 1007, 56 L.Ed.2d 388 (1978). Thus, absent findings, the appellate court can only speculate as to the basis for the court's denial of certification and cannot ascertain with some degree of certainty whether the trial court abused its discretion or whether its decision was based upon competent evidence.

[4] Consequently, we now hold that findings of fact are required by the trial court when rendering a judgment granting or denying class certification in order for the appellate courts to afford meaningful review under the abuse of discretion standard. *See Andrews v. Peters,* 318 N.C. 133, 347 S.E.2d 409 (1986). Such findings must be made with sufficient specificity to allow effective appellate review. *See Quick v. Quick,* 305 N.C. 446, 290 S.E.2d 653 (1982); *Coble v. Coble,* 300 N.C. 708, 268 S.E.2d 185 (1980). We note that this holding, although not mandated by the language of Rule 23, is in accord with the law of other states which require findings upon which the trial court determines that an action is or is not certifiable as a class. The Indiana Court of Appeals has ruled, and we agree, that "the District Court has broad discretion and its decision will not be disturbed on appeal in the absence of a finding of abuse, provided the court has made findings which reflect the material facts and the reasons on which its decision is based," despite the absence of such mandatory statutory language. *Kuespert v. State of Indiana,* 177 Ind.App. 142, 149, 378 N.E.2d 888, 893 (1978). *See also* Maryland Rules of Civ. Pro., Rule 2-231(c) ("The

order shall include the court's findings and reasons for certifying or refusing to certify the action as a class action."); Florida Rules of Civ. Pro., Rule 1.220(d)(1) ("Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based.") We also note that this Court has previously supplemented the language of Rule 23 by directing that adequate notice be given to members of the class, although Rule 23(a) does not expressly require it. *English v. Holden Beach Realty Corp.*, *supra.*

Therefore, upon remand, we remind the trial court that:

Rule 23 should receive a liberal construction, and it should not be loaded down with arbitrary and technical restrictions. . . . The rule has as its objectives "the efficient resolution of the claims or liabilities of many individuals in a single action" and "the elimination of repetitious litigation and possible inconsistent adjudications involving common questions, related events, or requests for similar relief." (Citations omitted.)

*English v. Holden Beach Realty Corp.*, 41 N.C.App. at 9, 254 S.E.2d at 230-31. There are approximately 589 potential class members who are similarly situated to plaintiff. Plaintiff must therefore make a showing of some preliminary interest of potential class members so as not to unnecessarily burden the trial court with the responsibility, time and expense of notifying these potential members if indeed they are not united in interest from the outset. *See Perry v. Union Camp Corp.*, *supra.*

[5] Plaintiff additionally assigns error to the trial court's failure to make additional findings of fact and conclusions of law with regard to its orders, since plaintiff requested such pursuant to Rule 52(a)(2). Although we now hold that findings of fact are required where the trial court denies class certification, we do not conclude that the court's denial of plaintiff's Rule 52(a)(2) motions was error. This Court has previously stated that a request for findings and conclusions under Rule 52(a)(2) is untimely if made after the entry of a trial court's order. *Strickland v. Jacobs*, 88 N.C.App. 397, 363 S.E.2d 229 (1988). In the instant case, the record indicates that the orders denying class certification were entered on 28 September 1990 and on 2 October 1990, and plaintiff's motions pursuant to Rule 52(a)(2) were dated 5 October 1990. Plaintiff argues in his brief that his motions were made in a timely fashion prior

to entry of the orders, however, we are unable to extrapolate from the record any evidence confirming this contention. Hence, the trial court's denial of plaintiff's Rule 52(a)(2) motions was not error. Plaintiff's appeal from the trial court's denial of his motions to amend the judgment under Rule 52(b) is dismissed as abandoned pursuant to Rule 28(b)(5), N.C. Rules of Appellate Procedure.

Remanded for further proceedings not inconsistent with this opinion including a *de novo* hearing if deemed necessary by the trial court.

Judges ARNOLD and PARKER concur.