STATE OF NORTH CAROLINA, ON RELATION OF JAMES E. LONG, COMMISSIONER OF INSURANCE OF NORTH CAROLINA v. AMERICAN SECURITY LIFE ASSURANCE COMPANY OF NORTH CAROLINA

No. 9210SC130

(Filed 6 April 1993)

1. **Insurance § 37 (NCI4th)— petition for liquidation—costs of defending**

   The trial court did not abuse its discretion in awarding respondent costs and fees pursuant to N.C.G.S. § 58-30-95 where an audit revealed that American Security Life Assurance Company (ASLAC) was insolvent within the meaning of N.C.G.S. § 58-30-10(13); the Commissioner of Insurance petitioned for an order of rehabilitation and injunctive relief; the parties entered a consent order in which ASLAC agreed that it would cause its capital and surplus to meet the statutory minimums and that an order of rehabilitation could be entered without further notice if ASLAC failed to meet statutory standards; the order of rehabilitation was entered; the Commissioner as rehabilitator subsequently petitioned for an order of liquidation, declaration of insolvency and injunctive relief; ASLAC filed a response to the request for liquidation asking that the petition be denied, that one disinterested individual be appointed to serve as rehabilitator of ASLAC, and that the order of rehabilitation be continued; after a hearing, the court entered an order of liquidation and injunctive relief; ASLAC subsequently filed a motion for costs and expenses of defense; the North Carolina Life and Health Insurance Guaranty Association filed a brief opposing the motion; and the court ordered the liquidator to pay respondent $149,426.67 of its requested $243,508.09. The directors of an insolvent company are not, as a matter of law, disallowed from defending a petition for liquidation; rather, all of the facts and circumstances of a particular case should be examined in determining whether the defense to liquidation was brought in good faith, with the solvency of the company examined as one of many factors and not as the sole factor in the ultimate decision to award fees and costs. The trial court had ample competent evidence from which it could conclude that the directors of

STATE EX REL. LONG v. AMERICAN SECURITY LIFE ASSURANCE CO.

[109 N.C. App. 530 (1993)]

ASLAC acted in good faith in defending against the petition for liquidation.

**Am Jur 2d, Insurance §§ 88 et seq.**

2. **Insurance § 37 (NCI4th) — insolvent insurer — opposition to petition for liquidation — costs — failure to award full amount**

The trial court did not abuse its discretion by failing to award the full amount of requested expenses for opposing a petition to liquidate an insurance company where there was ample evidence with regard to the reasonableness of certain claimed expenses from which the court could make this award. An award of costs and fees pursuant to N.C.G.S. § 58-30-95 is within the discretion of the trial court and will not be overturned absent an abuse of discretion.

**Am Jur 2d, Insurance §§ 88 et seq.**

Appeal by Petitioner and by Respondent from Order entered 20 November 1991 by Judge L. Bradford Tillery in Wake County Superior Court. Heard in the Court of Appeals 7 January 1993.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Anita LeVeaux Quigless, for petitioner.*

*Hatch, Little & Bunn, by David H. Permar and Michelle Bradshaw, for respondent.*

*Hunton & Williams, by William S. Patterson, for the North Carolina Life and Health Insurance Guaranty Association, amicus curiae.*

WYNN, Judge.

The American Security Life Assurance Company of North Carolina ("ASLAC") is an insurance company licensed and incorporated under the laws of North Carolina. It is a wholly owned subsidiary of the American Security Life Assurance Company of Florida ("ASLAC-Florida"), which in turn is a wholly owned subsidiary of Rebuilding Services, Inc. ("RSI").

In 1990, the North Carolina Department of Insurance ("DOI") conducted a routine audit of ASLAC at its executive offices in Jacksonville, Florida, which audit yielded financial data current through 31 March 1990. This data revealed that ASLAC was insol-

vent within the meaning of N.C. Gen. Stat. § 58-30-10(13). Based on this information, the State of North Carolina, on relation of James E. Long, Commissioner of Insurance of North Carolina, petitioned for an Order of Rehabilitation and Injunctive Relief asking, *inter alia*, that James E. Long, as Commissioner of Insurance, be appointed rehabilitator of ASLAC and that all agents, employees, officers, directors, and stockholders of ASLAC be enjoined from disposing of, wasting or impairing any property of ASLAC and from transacting any business on behalf of ASLAC unless supervised and approved by the rehabilitator.

Subsequent to the aforementioned petition, the parties entered into a Consent Order, dated 1 October 1990, in which ASLAC agreed that it would "cause its capital and surplus to meet the statutory minimums required by N.C. Gen. Stat. § 58-7-75 on or before December 15, 1990 . . . ." If ASLAC failed to do so, the Consent Order provided that an Order of Rehabilitation, already drafted and attached to the Consent Order, could be entered by the trial court without further notice to ASLAC. The determination of whether ASLAC had met the statutory minimums was left to the sole discretion of the DOI.

The Order of Rehabilitation was in fact entered on 17 December 1990. In it the trial court concluded as a matter of law that the Petitioner had demonstrated grounds for entry of the Order and that "[g]ood and sufficient cause justifying the appointment of a rehabilitator for [ASLAC] exists and the interests of its policyholders, creditors, and the public will best be served by the appointment of James E. Long, Commissioner of Insurance of the State of North Carolina as rehabilitator of said [ASLAC]." Commissioner Long appointed Deputy Commissioner Raymond Martinez to supervise the rehabilitation of ASLAC. *See* N.C. Gen. Stat. § 58-30-85 (1991) (the rehabilitator has the power to appoint a special deputy to act for him).

On 8 April 1991, the rehabilitator petitioned for an Order of Liquidation, Declaration of Insolvency, and Injunctive Relief citing as one reason for its petition its belief "that an orderly liquidation of the business of [ASLAC] is in the best interest of policyholders and that the Respondent's financial condition is such that its further transaction of business will be hazardous to its policyholders and to the public . . . ." ASLAC filed a response to the Petitioner's request for liquidation asking, *inter alia*, that the petition be denied,

STATE EX REL. LONG v. AMERICAN SECURITY LIFE ASSURANCE CO.

[109 N.C. App. 530 (1993)]

that one disinterested individual be appointed to serve as rehabilitator of ASLAC, and that the Order of Rehabilitation be continued in effect. On 26 July 1991, after a hearing on the Petition for Liquidation, the trial judge entered an Order of Liquidation and Injunctive Relief. At the aforementioned hearing, Attorney William Patterson testified on behalf of the DOI concerning the merits of the Respondent's recapitalization/rehabilitation plan which involved a plan to transfer ASLAC's shares of common and preferred stock in the Tesoro Petroleum Company ("the Tesoro Plan").

Subsequently, ASLAC filed a Motion for Costs and Expenses of Defense pursuant to N.C. Gen. Stat. § 58-30-95 (1991). William Patterson, this time as counsel for the North Carolina Life and Health Insurance Guaranty Association ("Guaranty Association"), filed a brief opposing the Respondent's motion. Attorney Patterson was also allowed, over the Respondent's objection, to testify on behalf of the Guaranty Association at the hearing. The trial court made findings of fact and conclusions of law and ordered the liquidator to pay to the Respondent $149,426.67 of its requested $243,508.09. From this 20 November 1991 Order both parties appeal.

## PETITIONER'S APPEAL

[1] The Petitioner's sole argument on appeal is that the trial court committed reversible error by ordering the payment of costs and other expenses of defending against the Petition for Liquidation from the insolvent estate of ASLAC. We disagree.

The fees and costs at issue in the present case were awarded pursuant to N.C. Gen. Stat. § 58-30-95(a) (1991), which provides that:

> The Court *shall* permit the directors of the insurer to take such actions as are *reasonably necessary* to defend against the petition and *may* order payment from the estate of the insurer of such costs and other expenses of defense *as justice may require*.

(Emphasis added). This provision has not previously been interpreted by our appellate courts. The language contained in the statute, "reasonably necessary to defend," "may order payment," and "as justice may require," however, indicates that the trial court has been granted broad discretion to award the fees and costs incurred in defending against a petition for liquidation. Such broad discretion is clearly consistent with North Carolina case law dealing with

similar issues. *See State ex rel. Ingram v. All American Assurance Co.*, 34 N.C. App. 517, 239 S.E.2d 474 (1977) (in rehabilitation proceedings the trial judge has broad ministerial and initiative authority). Because of the discretionary nature of section 58-30-95, our standard of review on appeal is whether the award constitutes an abuse of the trial court's discretion. Thus, we are bound by the trial court's findings of fact if they are supported by competent evidence. *Nobles v. First Carolina Commun. Inc.*, 108 N.C. App. 127, 423 S.E.2d 312 (1992).

In the Order granting attorney's fees to the Respondent, the trial judge specifically found as fact that:

8. The allowed expenses were *reasonably necessary for the defense of the Petition to Liquidate*, and the services performed by the attorneys and consultants, to the extent reimbursement is allowed by this Order, were beneficial to [ASLAC], its creditors and this Court in rendering its decision herein.

9. The directors of [ASLAC], *in good faith*, believed that the rehabilitation of [ASLAC] was feasible during the entire period [ASLAC] was in rehabilitation.

10. The former officers and directors made a genuine and reasonable effort at the rehabilitation of [ASLAC].

(Emphasis added).

The Petitioner, relying on case law from other jurisdictions, contends that the trial court's findings are not supported by the evidence because the record clearly establishes that ASLAC was insolvent, its directors did not dispute its insolvency, and, therefore, no reasonable defense to the Petition for Liquidation could be mounted. *See, e.g., O'Malley v. Continental Life Ins. Co.*, 121 S.W.2d 834 (Mo. 1938); *In re Ambassador Ins. Co.*, 571 A.2d 54 (Vt. 1989). That is, the Petitioner would have this Court adopt a rule limiting the trial court's discretion to award fees and costs from the liquidated estate to those instances where the Respondent challenges a Petition for Liquidation based on a reasonable belief that the company was solvent. *See Ambassador*, 571 A.2d at 59 (citing *O'Malley*, 121 S.W.2d at 840-41) ("good faith must be manifested in two ways: (1) the opposition efforts must be made for the benefit of the policyholders, stockholders, and creditors, and (2) the resulting fees must be incurred with the good faith belief, based on reasonable grounds, that the company is actually solvent"). This would narrow

an otherwise broad general rule which allows such fees and costs to be awarded where they are incurred in good faith and upon reasonable grounds, not limited to the solvency of the company. *See Anderson v. Great Republic Life Ins. Co.*, 106 P.2d 75, 80 (Cal. 1940). Clearly our legislature has conformed to the general rule in enacting section 58-30-95, and, if it had intended to confine the trial court's discretion to instances where the Respondent had a good faith belief that the company was solvent, it was within its power to include language to that effect in the provision.

No party to this action disputes that N.C. Gen. Stat. § 58-30-95 contains an implied element of good faith. Moreover, no trial court awarding costs and fees "as justice may require" could allow an award of attorney's fees based on a bad faith defense without abusing the broad discretion granted it by the statute. We find, however, that the parameters of good faith proposed by the Petitioner are an unwarranted infringement on the trial court's discretionary power, as well as a grant of unbridled decision-making power to the DOI. *See Anderson*, 106 P.2d at 82 (if attorney's fees and costs were not allowed for a good faith defense, "the hands of [the company's] directors would be tied and there would be no effective recourse from unwarranted official action"). We conclude, therefore, that the directors of an insolvent company are not, as a matter of law, disallowed from defending against a Petition for Liquidation. Rather, all of the facts and circumstances of a particular case should be examined in determining whether the defense to liquidation was brought in good faith, with the solvency of the company examined as one of many factors, and not as the sole factor, in the ultimate decision to award fees and costs. *See id.* at 80 (the allowance of attorneys fees and costs rests in the sound discretion of the trial court in view of all the facts and circumstances).

The Guaranty Association, *amicus curiae* in the present case, argues that, even assuming that solvency is not the deciding factor in allowing attorney's fees and costs, the Respondent still cannot recover because no viable plan for the rehabilitation of ASLAC exists. In support of this, it points to the trial court's findings of fact in the Order for Liquidation:

> 8. On February 22, 1991 Mr. T. Keith Perry as Treasurer of Rebuilding Services, Inc., advised Mr. Martinez that Mr. Raymond K. Mason met with Mr. Peter V. Hadley of

Metropolitan Life Insurance Company in New York and presented to him a written proposal to purchase the Tesoro voting securities, preferred and common stock of the Tesoro Corporation. The holder of Tesoro Securities is the Metropolitan Life Insurance Company. As of February 22, 1991 he had not received a response from Metropolitan with respect to the Tesoro stock;

9. On May 29, 1991 Mr. Raymond Martinez, Special Deputy and rehabilitator of [ASLAC] received a letter from John S. Boritas of Metropolitan Life Insurance. Mr. Boritas informed Mr. Martinez that . . . [Metropolitan Life Insurance Company had] declined the purchase proposal put forward by Mr. Raymond K. Mason and have informed him of our decision. . . . The Court finds by the greater weight of the evidence presented in this proceeding that the unchallenged letter of Mr. John Boritas dated May 29, 1991 is an unequivocal rejection of the so-called schematic plan for recapitalization as presented by representatives of the Respondent. . . .

. . . .

11. The only letter received by the Court into evidence, specifically referencing to the Tesoro securities consisting of preferred and common stock of Tesoro Petroleum Company has been a letter of May 29, 1991;

12. The Court finds that [ASLAC] never had a recapitalization plan in place or a plan which would make [ASLAC] solvent or which would make it possible to rehabilitate [ASLAC] within the requirements of Chapter 58 of the North Carolina General Statutes;

13. The Court finds that there has never been a recapitalization plan in place during the period of rehabilitation nor does it find that there was such a plan in place as of July 9, the date the decision was announced in open court.

. . . .

16. . . . [T]he recapitalization schematic as presented was inadequate and insufficient.

The trial court's ultimate decision that the Tesoro Plan was not sufficient to rehabilitate ASLAC, however, is very different from its finding that the plan was presented in good faith. Good faith

is not measured by the outcome of the litigation, and even an unsuccessful defense can be presented in good faith. *See Anderson,* 106 P.2d at 80 ("[e]ven if it turns out that a case is made for the interference of the state, so long as the defense was made in good faith and upon reasonable grounds, there is apparent justice in subjecting the property and fund involved in the litigation to expenses incurred in discharging a general duty cast upon the corporation and its trustees to take all reasonable means for its protection").

The trial court had ample competent evidence from which it could conclude that the directors of ASLAC acted in good faith in defending against the Petition for Liquidation. The trial court heard evidence with regard to the Tesoro Plan which tended to show that, although the plan had originally been rejected, it could be put into effect with the support of the Petitioner. The Respondent also presented evidence which showed that, while the Petitioner calculated ASLAC's insolvency at $12 million, the Respondent's calculations showed that insolvency to be $3 million. We find that there is competent evidence in the record to support the trial court's finding that the Respondent acted in good faith in defending against the Petition for Liquidation.

Moreover, we note that counsel for the Petitioner, at the hearing on the Motion for Costs and Fees, presented to the court an itemized list which denoted the costs and fees that it deemed reasonable and unreasonable. At no point during the hearing did the Petitioner argue that the Respondent was not entitled to be compensated, and in fact made the following remarks to the court:

> Your Honor, certainly you know that this is a determination in the discretion of Your Honor as set out by 58-30-95. There's nothing mandating payment. It's a determination made after, we would submit, an assessment of how reasonable the expenses submitted may be.
>
> . . . .
>
> We would further submit that, while the General Statutes have provided a means for reasonable expenses to be paid — and we submit, Your Honor, *that certainly the expenses should be paid.* We submit that 58-30-95 should not be a medium by which lengthy litigation and its costs, win or lose, be borne by the troubled company.
>
> . . . .

> I don't want to impress upon the Court the importance of other delinquency proceedings being viewed a win/win situation for attorneys in defense of these delinquent companies. *I certainly submit that these attorneys should be paid.*

(Emphasis added).

Rather, it was the counsel for the Guaranty Association, the *amicus curiae* in the case at bar, who presented the trial court with the case law from other jurisdictions to support his contention that, because ASLAC was insolvent, the Respondent could not in good faith challenge the Petition for Liquidation. In response the trial judge stated:

> I don't accept the definition of solvent, it's good faith; insolvent, it's bad faith as in the cases you have cited.
>
> . . . .
>
> The whole idea of rehabilitation is to take a company which admittedly is insolvent and, through your own bootstraps or in some fashion or the infusion of new capital, will pull it back into a solvent state. In the same order that you quoted from, as I remember it, as an observation by the Court, it has found that the directors did make a good-faith effort in their dealings with the Insurance Commissioner.

This Court finds the trial court's conclusion to be sound, made with full knowledge of the law as it exists in other jurisdictions, and based upon competent evidence. We, therefore, conclude that the trial court did not abuse its discretion in awarding the Respondent costs and fees pursuant to N.C. Gen. Stat. § 58-30-95.

### RESPONDENT'S APPEAL

The Respondent first argues that the trial court should have sustained its objection to the appearance of William S. Patterson as counsel for the Guaranty Association because the appearance violated Rule 5.2 of the Rules of Professional Conduct. The Respondent, at oral argument, however, agreed that it had suffered no prejudicial error as a result of Mr. Patterson's testimony. In light of our holding in the Petitioner's Appeal, we too find that no prejudice was suffered by the Respondent and, therefore, find it unnecessary to pass on the merits of this argument.

[2] The Respondent's second and final argument contends that the trial court abused its discretion by failing to award the full

IN RE BECK

[109 N.C. App. 539 (1993)]

amount of requested expenses, based on the uncontested affidavits in support of the award which established that these expenses were reasonably necessary to defend against the petition to liquidate. We disagree. As we have stated, *supra*, with regard to the Petitioner's Appeal, an award of costs and fees pursuant to N.C. Gen. Stat. § 58-30-95 is within the discretion of the trial court and will not be overturned absent an abuse of that discretion. There was ample evidence presented by the Petitioner with regard to the reasonableness of certain expenses claimed by the Respondent from which the trial court could have awarded the fees and costs in the amounts in which it did.

For the foregoing reasons the decision of the trial court is,

Affirmed.

Judges EAGLES and ORR concur.