TYSON, Judge.
Amy Pharr Elam, Elizabeth F. Bailey, and Reid T. Deramus (collectively, "Plaintiffs") appeal from order denying their motion for class certification. We affirm.
I. Factual Background
Plaintiffs are joint owners, by inheritance, of Unit 205 in the Charlotte House Condominium building ("Charlotte House"), located in Charlotte, North Carolina. By virtue of their ownership of property in Charlotte House, Plaintiffs are also mandatory members under the Declaration of Charlotte House Condominiums. Members are required to make monthly assessment payments for the upkeep and maintenance of Charlotte House.
Pursuant to the bylaws of Charlotte House, monthly assessment payments are in default if not received within thirty days of their due date. The bylaws also permit the Board of Directors to impose a $20 late payment charge on delinquent payments. The monthly assessment payments, late fees, and other debts are collected by William Douglas Management, Inc. ("WDM") on behalf of Charlotte House (collectively, "Defendants").
Plaintiffs failed to timely tender several monthly assessment payments and were charged with a $20 late fee for each late payment. When Plaintiffs began making timely payments, these payments were first applied to their previous late assessments and fees. Plaintiffs' timely payments were insufficient to cover the current monthly assessment fee, and triggered the imposition of a new $20 late fee.
Defendants referred Plaintiffs' account for collection action to Charlotte House's attorney in April 2012. On 20 December 2012, Charlotte House initiated a lien foreclosure proceeding against Unit 205. As of 12 April 2013, Plaintiffs had accumulated $1,500 in late fees levied against their account. A hearing was held on 8 July 2013, and the trial court concluded plaintiff Elizabeth F. Bailey had not been properly served with Notice of Foreclosure. The foreclosure hearing was rescheduled for 15 August 2013.
Plaintiffs filed a complaint on 8 August 2013 in Mecklenburg County Superior Court and amended it on 12 March 2014. The amended complaint alleged the accounting procedure employed by Defendants violated: (1) the Consumer Economic Protection Act, N.C. Gen.Stat. § 58-70-1 (2013) ; and (2) the North Carolina Debt Collection Act, N.C. Gen.Stat. §§ 75-54 and 75-55 (2013).
Plaintiffs' amended complaint also sought certification as a class action, pursuant to Rule 23 of the North Carolina Rules of Civil Procedure. Plaintiffs stated the class "consist[ed] of all North Carolina property owners who live in condominium properties or planned communities managed by Defendant Douglas and who have paid late fees on monthly assessment payments made in a timely manner because such payments were credited to prior late fees first, rendering the tendered payment inadequate." Plaintiffs also alleged the class was "so numerous that joinder of all class members is impracticable" and "[c]ommon questions of law and fact exist as to all members of the Class."
On 29 July 2014, the trial court granted Defendants' motion to dismiss Plaintiffs' first claim, which alleged violations of the Consumer Economic Protection Act. The trial court denied Defendants' motion to dismiss Plaintiffs' second claim, which alleged violations of the North Carolina Debt Collection Act.
On 16 September 2014, the trial court denied Plaintiffs' motion for class certification. In its order, the trial court made the following findings:
1. The Court finds that, in its discretion, a class action is not superior to other available methods for the adjudication of this controversy;
2. The Court finds that the certification of a class would necessarily result in a significant delay in litigating and deciding the underlying legal issues presented in this action due to the amount [of] time that would be required to add other proper parties to this action, including, potentially, all community associations affected, to conduct lengthy and voluminous discovery between and amongst the various associations and the Parties, and, among other things, the addition of claims between the associations and WDM;
3. The Court finds that using the above-entitled action as a "test case" for the underlying legal issues presented to the Court will cause a decision on the underlying issues to result at a much quicker pace than in a class action, whereas this "test case" will proceed to the summary judgment stage and/or trial stage to have a court rule on the legal issues, and where, should the case proceed to the appellate level, the North Carolina Court of Appeals will issue a decision that will affect the practices employed by community associations and property management companies throughout North Carolina on a timeline that is likely far shorter than the adjudication of a class action at the trial level;
4. The Court finds that allowing this action to proceed between the Parties and denying the certification [of] a class in the above-entitled action is the most efficient way of adjudicating or resolving the issues of law in this controversy; and
5. The Court, having exercised its discretion in finding that a class action is not superior to other available methods for the adjudication of this controversy, does not make findings as to whether Plaintiffs established the existence of the prerequisites to establish a class action under N.C. R. Civ. P. 23.
Plaintiffs gave timely notice of appeal to this Court.
II. Issues
Plaintiffs argue the trial court erred by (1) denying their motion for class certification; and (2) declining to make findings of fact regarding the prerequisites to class certification under Rule 23 of the North Carolina Rules of Civil Procedure.
A. Standard of Review
"The trial court has broad discretion in determining whether a case should proceed as a class action." Faulkenbury v. Teachers' and State Employees' Ret. Sys. of N.C.,345 N.C. 683, 699, 483 S.E .2d 422, 432 (1997) (citation omitted). This Court reviews the trial court's decision to deny class certification for abuse of discretion. Nobles v. First Carolina Commc'ns, Inc.,108 N.C.App. 127, 132, 423 S.E.2d 312, 315 (1992), disc. review denied,333 N.C. 463, 427 S.E.2d 623 (1993).
To show an abuse of discretion, the appellant bears the burden to show the trial court's decision was "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision."Harrison v. Wal-Mart Stores, Inc.,170 N.C.App. 545, 547, 613 S.E.2d 322, 325 (2005) (citation and internal quotation marks omitted). The trial court's findings of fact are binding on appeal if supported by competent evidence. Nobles,108 N.C.App. at 132, 423 S.E.2d at 315 (citation omitted).
B. Analysis
1. Jurisdiction
Plaintiffs' appeal is interlocutory. An order or judgment is interlocutory if it does not settle all the pending issues and "directs some further proceeding preliminary to the final decree." Heavner v. Heavner,73 N.C.App. 331, 332, 326 S.E.2d 78, 80 (citation omitted), disc. review denied,313 N.C. 601, 330 S.E.2d 610 (1985). The trial court's order denying class certification was not a final disposition of Plaintiffs' claims. Frost v. Mazda Motor of Am., Inc.,353 N.C. 188, 192, 540 S.E.2d 324, 327 (2000) ("A class certification order is not a final judgment disposing of the cause as to all parties; the appeal of such orders is thus interlocutory.").
An interlocutory order is not immediately appealable. An exception to this rule is if the appellant shows the order affects a substantial right that will be lost if it is not reviewed prior to the issuance of a final judgment. N.C. Gen.Stat. §§ 1-277(a) (2013), 7A-27(b)(1) (2013) ; Guilford Cty. ex rel. Gardner v. Davis,123 N.C.App. 527, 529, 473 S.E.2d 640, 641 (1996).
Our Supreme Court held the denial of class certification affects a substantial right, because it necessarily determines the action as to the unnamed plaintiffs. Frost,353 N.C. at 193, 540 S.E.2d at 327-28 (citations omitted). We have jurisdiction to hear Plaintiffs' appeal from the trial court's interlocutory order denying class certification.
2. Denial of Class Certification
Rule 23 of the North Carolina Rules of Civil Procedure governs class actions. Rule 23 provides "[i]f persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued ." N.C. Gen.Stat. § 1A-1, Rule 23 (2013).
The burden is on the party seeking class certification under Rule 23 to show it has satisfied the prerequisites to class certification. Crow v. Citicorp Acceptance Co., Inc.,319 N.C. 274, 282, 354 S.E.2d 459, 465 (1987) (citation omitted). These prerequisites include: (1) establishing the existence of a class; (2) demonstrating the named representatives will fairly and adequately represent the interests of all members of the class; (3) showing there is no conflict of interest between the named representatives and members of the class who are not named parties; (4) having a genuine personal interest, not a mere technical interest, in the outcome of the action; and (5) establishing the class members are so numerous that it is impractical to bring them all before the court. Id.at 282-83, 354 S.E.2d at 465-66.
As noted above, the trial court has broad discretion in determining whether class certification is appropriate and is not limited to the prerequisites set forth either in Rule 23 or Crow. Blitz v. Agean, Inc.,197 N.C.App. 296, 302, 677 S.E.2d 1, 6 (2009), disc. review denied and cert. denied,363 N.C. 800, 690 S.E.2d 530 (2010).
Plaintiffs assert the trial court erred by denying their motion for class certification because they satisfied the prerequisites of Rule 23. Plaintiffs argue class action litigation is the superior method of adjudication for all parties involved. We disagree.
A substantial portion of Plaintiffs' brief argues the precise ways they met the prerequisites for class certification. However, "the touchstone for appellate review of [grants or denials of class certification] ... is to honor the broad discretion allowed the trial court in all matters pertaining to class certification." Frost,353 N.C. at 198, 540 S.E.2d at 331 (citations and internal quotation marks omitted). We do not reweigh the evidence to determine whether Plaintiffs, in fact, established the existence of a class. Peverall v. Cty. of Alamance,184 N.C.App. 88, 92, 645 S.E.2d 416, 419 (2007) ("[T]his Court is bound by the trial court's findings of fact if they are supported by competent evidence .").
The trial court determined using Plaintiffs' action as a "test case" for the underlying legal issues was a superior means of adjudication to a class action. In support of this determination, the trial court made the following findings in its order:
2. The Court finds that the certification of a class would necessarily result in a significant delay in litigating and deciding the underlying legal issues presented in this action ...;
3. The Court finds that using the above-entitled action as a "test case" for the underlying legal issues presented to the Court will cause a decision on the underlying issues to result at a much quicker pace than in a class action....
"[I]t is within the trial court's discretion to determine whether a class action is superior to other available methods for the adjudication of the controversy." Blitz,197 N.C.App. at 302, 677 S.E.2d at 5 (citation and internal quotation marks omitted). "The usefulness of the class action device must be balanced ... against efficiency or other drawbacks.... [T]he trial court has broad discretion in this regard and is not limited to consideration of matters expressly set forth in Rule 23." Crow,319 N.C. at 284, 354 S.E.2d at 466 (citations omitted).
Plaintiffs have failed to show the trial court abused its discretion by denying class certification. Plaintiffs cannot show the trial court's decision was "manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." Harrison,170 N.C.App. at 547, 613 S.E.2d at 325 (citation and internal quotation marks omitted). This argument is overruled.
3. Findings of Fact Regarding Rule 23 Prerequisites
Plaintiffs argue the trial court's "willful refusal" to make "mandatory" findings of fact regarding the prerequisites of Rule 23 constitutes an abuse of discretion. We disagree.
In making this argument, Plaintiffs rely on our holding in Nobles v. First Carolina Communications, Inc.that "an order denying certification without adequate findings of fact and conclusions does not provide appropriate grounds for review by an appellate court." 108 N.C.App. at 133, 423 S.E2d at 316. Plaintiffs' purported reliance on this holding is misplaced.
In Nobles,the trial court denied class certification after determining "there are not sufficient elements present to justify certification of a class." This Court held the trial court's order was deficient because it "did not specify which elements were lacking and ... contain[ed] no other findings," thus inhibiting our review of whether the trial court's order was based on competent evidence. Id.at 132, 423 S.E.2d at 315.
Here, unlike in Nobles,the trial court's order denied class certification based on its findings of the likelihood of delays and expense, efficiency, and superior methods of adjudication. The trial court made detailed findings of fact and concluded class certification would result in significant delays in litigating and deciding the underlying legal issues in this action.
The trial court concluded a "test case" approach would yield a quicker and more efficient resolution of the issues of law and would be a superior method of adjudication. The findings of fact contained in the trial court's order are sufficient for us to conduct a meaningful review of its discretionary decision to deny class certification. This argument is overruled.
III. Conclusion
Plaintiffs' interlocutory appeal affects a substantial right. Plaintiffs have failed to carry their burden to show the trial court abused its discretion by denying their motion for class certification. The trial court's order denying Plaintiffs' motion for class certification is affirmed.
AFFIRMED.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiffs from order entered 16 September 2014 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 April 2015.