PEARLEAN REVELS, Plaintiff v. ROBESON COUNTY BOARD OF ELECTIONS and
NORTH CAROLINA STATE BOARD OF ELECTIONS, Defendants

No. COA03-1687

(Filed 7 December 2004)

**Public Officers and Employees— termination of employment—
County Director of Elections**

The trial court did not err by granting summary judgment in
favor of defendants and by dismissing plaintiff's action alleging
that the county and state boards of elections terminated plain-
tiff's employment as Director of Elections for Robeson County in
violation of N.C.G.S. § 163-35, because: (1) plaintiff's application
for retirement indicated that her last day of employment was 28
June 2002, plaintiff expressed her understanding that she had
retired from her position and then was re-employed as a contract
employee of the county, and plaintiff agreed that she was never
re-employed by either the county or state board of elections; (2)
as plaintiff retired from the position of Director of Elections for
Robeson County and was never re-appointed to that position
under the procedure mandated by N.C.G.S. § 163-35(a), the
Boards of Elections were not required to follow the procedure
provided for in N.C.G.S. § 163-35(b) in order to end plaintiff's
employment; and (3) plaintiff failed to argue the theories of
estoppel or ratification before the trial court, and thus these
issues are waived.

Appeal by plaintiff from order entered 27 October 2003 by Judge
E. Lynn Johnson in Robeson County Superior Court. Heard in the
Court of Appeals 21 September 2004.

*Barry Nakell for plaintiff-appellant.*

*Hedrick and Morton, by B. Danforth Morton, for defendant-
appellee Robeson County Board of Elections.*

*Attorney General Roy Cooper, by Special Deputy Attorney
General Susan K. Nichols, for North Carolina State Board of
Elections, defendant-appellee.*

THORNBURG, Judge.

This appeal arises from the grant of summary judgment in favor
of defendants dismissing plaintiff's cause of action. For the reasons
stated herein, we affirm.

## Background

Plaintiff Pearlean Revels was appointed Supervisor of Elections for the Robeson County Board of Elections ("Robeson BOE") on 17 September 1991. Prior to that appointment, plaintiff had served as Assistant Supervisor for the Robeson BOE for twelve years. On 27 June 2002, plaintiff completed an application for service retirement from the position of Supervisor of Elections for Robeson County. The application indicated that plaintiff's last day of employment would be 28 June 2002 and that her retirement would be effective as of 1 July 2002. Also on 27 June 2002, plaintiff completed a form entitled "Robeson County Request for Post Retirement Employment." On that form, plaintiff indicated that her service would begin on 1 July 2002, and that she would work forty hours per week. Finally, on 1 July 2002, plaintiff and Robeson County Manager T.Y. Hester both signed a memorandum of agreement indicating that plaintiff would be a former employee of Robeson County, effective her retirement date of 30 June 2002, and that Robeson County would employ plaintiff as a temporary employee for an initial term of twelve months. Plaintiff then continued performing the duties of Supervisor of Elections and also started to receive retirement benefits as of 1 July 2002.

On 13 September 2002, the members of the Robeson BOE (the "board members") submitted a petition to the North Carolina Board of Elections (the "State BOE") with the heading "Petition to Terminate Employment of Director of Elections"[1]. According to the petition, on or about 5 September 2002 the board members became aware that plaintiff had retired from the position of Director of the Robeson BOE. The petition also recited the board members' opinion that plaintiff, by retiring, resigned as Director and had not been re-appointed in accordance with N.C. Gen. Stat. § 163-35(a). In addition, the petition noted that plaintiff had been dismissed from her new contract with Robeson County. Accordingly, the board members requested that the State BOE allow the Robeson BOE to begin the process of filling the position of Director of Elections for Robeson County in accordance with N.C. Gen. Stat. § 163-35(a). The petition also contained a request in the alternative, which asked for the termination of plaintiff's employment as Director of Elections for failure to adequately perform her duties. On 17 September 2002, the State BOE met and determined that the employment contract between

---

1. The record on appeal refers to plaintiff's former position variously as Supervisor of Elections and Director of Elections. The language used herein reflects the term used in each pertinent part of the record.

plaintiff and Robeson County was not effective to re-employ plaintiff as Director of Elections after she had retired. Accordingly, the State BOE concluded that plaintiff had not been Director of the Robeson BOE since 30 June 2002 and ordered plaintiff not to appear at the Robeson BOE office without permission of the Robeson BOE.

Plaintiff filed a complaint alleging that the Robeson and State Boards of Elections terminated her employment in violation of N.C. Gen. Stat. § 163-35 and requesting compensatory and punitive damages. Plaintiff and defendants both moved for summary judgment. Plaintiff appeals from an order entered by Judge E. Lynn Johnson granting summary judgment in favor of defendants and dismissing the action.

### Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The purpose of the rule is to avoid a formal trial where only questions of law remain and where an unmistakable weakness in a party's claim or defense exists. *Dalton v. Camp*, 353 N.C. 647, 650, 548 S.E.2d 704, 707 (2001). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Id.* at 651, 548 S.E.2d at 707 (2001). "All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).

### Analysis

Plaintiff brings forth two arguments for our review. First, plaintiff argues that the trial court erred in denying her motion for summary judgment and in granting summary judgment for defendants in that defendants failed to follow the procedure required by N.C. Gen. Stat. § 163-35(b) when terminating plaintiff's employment as Director of Elections for Robeson County. We disagree. Plaintiff's application for retirement indicates that her last day of employment was 28 June 2002. In her deposition, plaintiff expressed her understanding that she had retired from her position and then was re-employed as a contract employee of Robeson County. Plaintiff also agreed that she was never re-employed by either the Robeson County or North Carolina State Board of Elections.

Section 163-35(a) provides:

> In the event a vacancy occurs in the office of county director of elections in any of the county boards of elections in this State, the county board of elections shall submit the name of the person it recommends to fill the vacancy, in accordance with provisions specified in this section, to the Executive Director of the State Board of Elections who shall issue a letter of appointment.

N.C. Gen. Stat. § 163-35(a) (2003). As plaintiff retired from the position of Director of Elections for Robeson County and was never reappointed to that position under the procedure mandated by section 163-35(a), we conclude that the Board of Elections was not required to follow the procedure provided for in section 163-35(b) in order to end plaintiff's employment. *See Walker v. Bd. of Trustees of the N.C. Local Gov't Emp. Ret. Sys.*, 348 N.C. 63, 66, 499 S.E.2d 429, 431 (1998) ("Retirement ends employment."). Thus, the trial court correctly determined that defendants were entitled to judgment as a matter of law. This assignment of error is overruled.

Plaintiff's final argument is that defendants ratified and, thus, should be estopped from denying plaintiff's continued appointment as Director of Elections for Robeson County. A review of the record on appeal does not indicate that the theories of estoppel or ratification were before the trial court. "We are therefore left to assume, then, that plaintiff is asking us to pass on these theories . . . for the first time on appeal. This we cannot do." *Henderson v. LeBauer*, 101 N.C. App. 255, 264, 399 S.E.2d 142, 147 (1991), *disc. review denied*, 328 N.C. 731, 404 S.E.2d 868 (1991); N.C. R. App. P. 10(b)(1) (2003). This assignment of error is dismissed.

Affirmed.

Judges WYNN and McCULLOUGH concur.