JAMIE REEP, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED v. THEODIS BECK, SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF CORRECTION, AND JUDY SILLS, MANAGER, COMBINED RECORDS SECTION OF THE DEPARTMENT OF CORRECTION, IN THEIR OFFICIAL CAPACITIES

No. 345PA04

(Filed 7 October 2005)

### Pleadings— sequence of considering motions—class certification—judgment on pleadings

The Court of Appeals erred by holding in an unpublished opinion that the trial court erred when it did not consider plaintiff's motion for class certification prior to ruling on defendants' dispositive motion for judgment on the pleadings, because: (1) the Court of Appeals considered an issue not preserved at trial to reach an erroneous result; (2) the Court of Appeals' rigid formulation could thwart judicial economy and invite abuse; (3) in determining the sequence in which motions will be considered, North Carolina judges will continue to be mindful of longstanding exceptions to the mootness rule and other factors affecting traditional notions of justice and fair play; and (4) while our Supreme Court expressed no opinion on the merits of plaintiff's appeal, it concluded that the trial court did not err as a matter of law in considering defendants' motion for judgment on the pleadings prior to ruling on plaintiff's motion for class certification.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 164 N.C. App. 779, 596 S.E.2d 906 (2004), reversing an order entered 27 February 2003 by Judge Evelyn Werth Hill in Superior Court, Wake County and remanding the case to the trial court. Heard in the Supreme Court 16 May 2005.

*North Carolina Prisoner Legal Services, Inc., by J. Phillip Griffin, Jr., for plaintiff-appellee.*

*Roy Cooper, Attorney General, by Elizabeth F. Parsons, Assistant Attorney General, and James Peeler Smith, Special Counsel, for defendant-appellants.*

**REEP v. BECK**

[360 N.C. 34 (2005)]

EDMUNDS, Justice.

In this case, the Court of Appeals considered an issue not preserved at trial to reach a result that we find to be erroneous. Accordingly, we reverse.

On 10 August 1999, plaintiff Jamie Reep entered a plea of guilty to one count of felony assault with a dangerous weapon inflicting serious injury. Plaintiff was sentenced to a minimum term of forty months and a maximum term of fifty-seven months with credit for 255 days of pretrial confinement. While serving his minimum sentence, plaintiff received 148 days of earned time sentence reduction credit and was awarded 111 days of meritorious time reduction credit, all applied against his maximum term. Of the 259 days, 245 were applied in calculating plaintiff's minimum release date of 27 March 2002. The Department of Correction (DOC) intentionally left fourteen days uncredited in order to comply with the statutory requirement that an offender serve at least his minimum term. N.C.G.S. § 15A-1340.13(d) (2003).

Plaintiff was released from incarceration into post-release supervision on 27 March 2002. However, this post-release supervision was revoked on 20 July 2002, and plaintiff was returned to DOC to serve nine months of his original sentence. Plaintiff requested that DOC apply the previously unapplied fourteen days of sentence reduction credit to his nine month term. DOC refused, explaining later that for administrative purposes, it treats the time a defendant must serve when returned to custody under similar circumstances "as an additional, stand-alone sentence." Pursuant to this interpretation, plaintiff would be entitled only to credits earned during his reimprisonment.

On 20 December 2002, plaintiff filed in Wake County Superior Court a class action complaint on behalf of himself and all others similarly situated. Plaintiff's complaint, which named officials of the North Carolina Department of Correction as defendants, alleged that his statutory and constitutional rights were being violated as a result of defendants' refusal "to credit all earned and/or awarded sentence reduction credits to [an] inmate[']s maximum term of imprisonment" when the inmate was reincarcerated after revocation of post-release supervision. Plaintiff further alleged that defendants' practice ensures that he would be held beyond the time he was lawfully required to serve. The same day, plaintiff moved for class certification pursuant to Rule 23 of the North Carolina Rules of Civil Procedure.

**REEP v. BECK**

[360 N.C. 34 (2005)]

On 9 January 2003, while the class action complaint and certification motion were pending, plaintiff entered a plea of guilty in Gaston County Superior Court to larceny, a Class H felony. The trial court imposed an active sentence of sixteen to twenty months, to be served concurrently with the nine month incarceration imposed on plaintiff when his post-release supervision was revoked. As a result, the larceny sentence entirely subsumed the nine month sentence for which plaintiff was claiming fourteen days of credit.

Defendants filed their answer to plaintiff's complaint on 29 January 2003. In light of plaintiff's concurrent larceny sentence, defendants the next day also filed a motion for judgment on the pleadings, arguing that plaintiff's claims were moot. The trial court conducted a hearing on 18 February 2003 at which plaintiff advised the court that defendants had stipulated during discovery that thirty-four reincarcerated individuals were in similar situations. Following the hearing, the trial court entered an order of dismissal on 27 February 2003, concluding that plaintiff's claim was "moot as a matter of fact and a matter of law" and that there was "no recognized exception to the [m]ootness [r]ule in this case." The trial court's order did not address plaintiff's motion for class certification.

Plaintiff entered notice of appeal to the North Carolina Court of Appeals. In an unpublished opinion, that court reversed and remanded, concluding that "[t]he trial court erred in considering [the] dispositive motion before ruling on plaintiff's motion for class certification." *Reep v. Beck*, 164 N.C. App. 779, 596 S.E.2d 906, 2004 N.C. App. LEXIS 1115, at *8 (June 15, 2004) (No. COA03-961). Accordingly, the Court of Appeals ordered that "[o]n remand, the trial court shall rule upon plaintiff's motion for class certification before addressing any motions respecting mootness." 2004 N.C. App. LEXIS 1115, at *8. On 14 July 2004, this Court granted defendants' motion for temporary stay, and on 2 December 2004 we allowed defendants' petitions for writ of supersedeas and for discretionary review of the Court of Appeals decision.

We begin by considering defendants' contention that the Court of Appeals erroneously asserted appellate jurisdiction when it ruled on an issue not properly before it. Defendants claim that questions pertaining to the sequence in which the motions should be addressed by the trial court were not preserved for appellate review.

Generally, except for matters set out in North Carolina Rule of Appellate Procedure 10(a), issues occurring during trial must be pre-

served if they are to be reviewed on grounds other than plain error.[1] Rule 10(b)(1) provides, in part, that to preserve a question for appellate review, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." N.C. R. App. P. 10(b)(1). We have observed that:

> This subsection of [Rule 10] . . . . is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal. The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal.

*State v. Canady*, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991). A trial issue that is preserved may be made the basis of an assignment of error pursuant to Rule 10, and

> [t]he scope of review by an appellate court is usually limited to a consideration of the assignments of error in the record on appeal and . . . if the appealing party has no right to appeal the appellate court should dismiss the appeal *ex mero motu*. When a party fails to raise an appealable issue, the appellate court will generally not raise it for that party.

*Harris v. Harris*, 307 N.C. 684, 690, 300 S.E.2d 369, 373-74 (1983) (citation omitted); *see also State v. Golphin*, 352 N.C. 364, 460-61, 533 S.E.2d 168, 231 (2000) (noting that the trial court was not afforded an opportunity to rule on the pertinent issue and that the defendant's subsequent efforts to preserve the issue for review were insufficient to satisfy Rule 10), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001); *State v. Hoffman*, 349 N.C. 167, 177, 505 S.E.2d 80, 86 (1998) (holding that the defendant failed properly to preserve assignment of error for appellate review because the trial court had no opportunity to consider the defendant's contention as presented on appeal), *cert. denied*, 526 U.S. 1053, 143 L. Ed. 2d 522 (1999); *Revels v. Robeson Cty. Bd. of Elections*, 167 N.C. App. 358, 361, 605 S.E.2d 219, 221 (2004) (dismissing the plaintiff's assignment of error because the theories argued on appellate review had not been presented before the trial court).

---

1. Plain error review is limited to alleged evidentiary and instructional errors in criminal cases. *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996).

In addition, we have held that the " 'rules of this Court, governing appeals, are mandatory and not directory.' " *State v. Fennell,* 307 N.C. 258, 263, 297 S.E.2d 393, 396 (1982) (quoting *Pruitt v. Wood,* 199 N.C. 788, 789, 156 S.E. 126, 127 (1930)). Although Rule 2 allows an appellate court to address a trial issue not properly preserved and raised on appeal, this power is to be invoked by either court of the appellate division only on "rare occasions" for such purposes as to prevent manifest injustice or to expedite a decision affecting the public interest. *Blumenthal v. Lynch,* 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986); *see also Steingress v. Steingress,* 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (noting that Rule 2 should only be used in "exceptional circumstances").

Here, our review of the record reveals that the issue of the sequence in which the motions should be resolved was never raised before the trial court. When the trial court entered its order dismissing plaintiff's class action complaint on 27 February 2003, two motions were pending: (1) plaintiff's motion for class certification, and (2) defendants' motion for judgment on the pleadings. Related documents supporting and opposing the two motions had also been filed. An examination of these documents indicates that while plaintiff contended that he met the requirements for class certification and that his claim was not moot or, in the alternative, met one of the mootness doctrine exceptions, nowhere did he argue that the trial court was required to rule on his motion for class certification prior to addressing defendants' motion for judgment on the pleadings. Similarly, the transcript of the 18 February 2003 hearing indicates that while plaintiff's counsel advised the trial court that class certification was a matter within the court's discretion, counsel never argued that the court must exercise that discretion before dealing with defendants' dispositive motion. Accordingly, the trial court was not afforded an opportunity to consider and rule on questions regarding the sequence in which it should take up the pending motions. Plaintiff's failure to preserve this issue for appellate review resulted in waiver of the purported error. N.C. R. App. P. 10(b)(1); *State v. Jaynes,* 342 N.C. 249, 263, 464 S.E.2d 448, 457 (1995), *cert. denied,* 518 U.S. 1024, 135 L. Ed. 2d 1080 (1996); *see also Hoffman,* 349 N.C. at 177, 505 S.E.2d at 86.

Because the issue was not preserved, only Rule 2 of the North Carolina Rules of Appellate Procedure would permit the Court of Appeals to raise the issue *sua sponte.* However, that court's opinion addresses neither plaintiff's waiver of the issue nor that court's

**REEP v. BECK**

[360 N.C. 34 (2005)]

election nevertheless to suspend the rules. It is apparent, then, that the Court of Appeals used Rule 2 *sub silentio* in an unpublished opinion to reach a potentially sweeping result that we determine to be incorrect.

The Court of Appeals relied on two cases in arriving at its conclusion. *See Reep*, 2004 N.C. App. LEXIS 1115, at *5-8 (discussing *Pitts v. Am. Sec. Ins. Co.*, 144 N.C. App. 1, 550 S.E.2d 179 (2001), *aff'd per curiam by an equally divided court*, 356 N.C. 292, 569 S.E.2d 647 (2002), and *Gaynoe v. First Union Corp.*, 153 N.C. App. 750, 571 S.E.2d 24 (2002), *disc. rev. denied*, 356 N.C. 671, 577 S.E.2d 118 (2003)). In *Pitts*, the Court of Appeals stated that "[d]ispositive motions . . . are not properly considered by the trial court until after ruling on a motion for class certification." 144 N.C. App. at 19, 550 S.E.2d at 193. We allowed discretionary review, and the *Pitts* decision was affirmed per curiam by an equally divided Court. As a result, the Court of Appeals decision was "left undisturbed and stands without precedential value." *Pitts*, 356 N.C. at 293, 569 S.E.2d at 647-48. Later, in *Gaynoe*, another Court of Appeals panel distinguished *Pitts* on the grounds that the plaintiff in *Pitts* had filed her complaint and her motion for class certification at the same time, while in *Gaynoe* the plaintiff's motion for class certification was filed nineteen months after the complaint. *Gaynoe*, 153 N.C. App. at 756, 571 S.E.2d at 27. In addition, the parties in *Gaynoe* stipulated that the trial court could consider both motions simultaneously. *Id.* at 756, 571 S.E.2d at 28. Based on these distinctions, the *Gaynoe* court held that the trial court did not err in allowing the defendant's motion for summary judgment before ruling on the plaintiff's pending motion for class certification. *Id.* at 756, 571 S.E.2d at 27-28.

After reviewing these cases, the Court of Appeals concluded that, absent the particular circumstances seen in *Gaynoe*, the "rule" in *Pitts* should be applied. *Reep*, 2004 N.C. App. LEXIS 1115, at *7-8. Accordingly, the Court of Appeals held that the trial court erred when it did not consider plaintiff's motion for class certification prior to ruling on defendants' dispositive motion for judgment on the pleadings. *Id.* at *8. Thus, the Court of Appeals effectively established in an unpublished opinion a rule of law applicable to trial courts in which class certification motions are pending.

We believe that the Court of Appeals' rigid formulation could thwart judicial economy and invite abuse. For instance, an incarcerated *pro se* litigant might simultaneously file a frivolous claim fashioned as a class action along with a class certification motion. In such

circumstances, we see no justification for requiring the trial court to address class certification before ruling on a dispositive motion to dismiss the frivolous claim. This Court is confident that, in determining the sequence in which motions will be considered, North Carolina judges will continue to be mindful of longstanding exceptions to the mootness rule and other factors affecting traditional notions of justice and fair play. *See, e.g., Simeon v. Hardin*, 339 N.C. 358, 371, 451 S.E.2d 858, 867 (1994) (concluding that even assuming the named plaintiff's claims were moot, termination of the class representative's claim did not moot the claims of the unnamed members of the class because the claim was " 'capable of repetition, yet evading review' "; therefore, the plaintiff could continue to represent the interests of the class if the action were certified) (citation omitted); *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52, 114 L. Ed. 2d 49, 60 (1991) (recognizing that " '[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires' ") (alteration in original) (citation omitted). *See generally* 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.64[1][b] (3d ed. 2005) (discussing mootness, class certification, and relation-back exception).

Here, the trial court heard arguments presented by both parties concerning class certification and the mootness doctrine and its exceptions. Based on this information, the trial court concluded that "[p]laintiff has failed to show any injury" and therefore no meaningful relief was available, that plaintiff's claim in the class action complaint was "moot as a matter of fact and a matter of law," and that there was "no recognized exception to the [m]ootness [r]ule in this case." While we express no opinion on the merits of plaintiff's appeal, the trial court did not err *as a matter of law* in considering defendants' motion for judgment on the pleadings prior to ruling on plaintiff's motion for class certification. To the extent the Court of Appeals promulgated a bright-line rule regarding this issue, it is overruled.

Based on the foregoing, we reverse the decision of the Court of Appeals. The case is remanded to the Court of Appeals for consideration of plaintiff's assignments of error.

REVERSED AND REMANDED.